1

2
Matthew E. Faler, Esq. (State Bar No. 243067)
Law Offices of Matthew E. Faler
17330 Brookhurst St., Suite 240
3
Fountain Valley, CA 92708
Tel: (714)465-4433/Fax: (714)965-7823
4
Email: mfaler@faler-law.com

5

6
Attorney for Plaintiffs

7

8
               UNITED STATES BANKRUPTCY COURT

9
        CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

10

11
In re                           )
                                )   Case No.   10-BK-24834 RK
12                              )
DANIEL BRIGHT                    )   Adversary No.:  8:11-ap-01021
                                )
13                              )
                                )
14          Debtors             )   FIRST AMENDED COMPLAINT FOR
                                )   DAMAGES:
15                              )
                                )
16                              )      1. VIOLATION OF 11 USC
                                )         526(C)(2)
17 _____)
DANIEL BRIGHT                    )
18                              )
            Plaintiffs,         )
19                              )
   v.                           )
20                              )
COVENANT DEBT SOLUTIONS, INC.    )
21                              )
            Defendant.          )
22                              )
                                )
23                              )

24

25
Plaintiff, by way of Complaint against the Defendant states as follows:

26
                    IDENTIFICATION OF THE PARTIES

27
1.    Plaintiff, Daniel Bright ("Plaintiff"), is the debtor in the above

28

captioned chapter 13 case which was filed in this Court October 19, 2010 and which case is presently pending before this court.

2. Defendant, Covenant Debt Solutions, purports to be a Corporation ("Defendant") and is, upon information and belief, a California corporation with an office/business address of 31531 Rancho Viejo Road, Ste 101, San Juan Capistrano, CA 92675,

3. This action seeks damages under 11 U.S.C. Section. 526(c)(2) and other relief for Defendant's failure to comply with the mandatory Debt Relief Agency provisions of the United States Bankruptcy Code.

4. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. section 1334 in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtor in that case.

5. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. section 1334, 28 U.S.C. sections 157(a), 157(b)(1), 157(b)(2).

6. This matter is a core proceeding pursuant to 28 U.S.C. sections 157(b)(2)(A), (H) and (O) and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the unlikely event any aspect of this case is determined to be a non-core proceeding

then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

## VENUE

7. Venue lies in this District pursuant to 28 U.S.C. section 1409.

## FACTUAL ALLEGATIONS

8. The Plaintiff's chapter 13 case was commenced by the filing of a voluntary petition with the Clerk of this Court on October 19, 2010 (the "Filing Date").

9. Prior to the Filing Date, in or about April of 2010 Plaintiff heard a radio advertisement on "Handel on the Law" on radio station AM 640 KFI.  The advertisement stated among other things that Defendant could lower a Debtor's monthly payments, reduce debt, and help Debtors' avoid bankruptcy.

10. Defendant's solicitation provided examples of monthly debt adjustment programs, and invited Plaintiff to inquire further about retaining Defendant to provide such debt adjustment services by calling

11.  Shortly after receiving Defendant's solicitation, Plaintiff
contacted Defendant by telephone to further inquire into Defendant's
debt adjustment program. During the course of the telephone contact,
Defendant failed to provide Plaintiff with any of the mandatory
notices required by the Debt Relief Agency sections of the
Bankruptcy Code as amended on October 17, 2005.

12.  On or about May 1, 2010 Plaintiff received a follow-up package of
documents from Defendant, including a proposed debt adjustment plan
and a contract pursuant to which Plaintiff might enroll in
Defendant's debt adjustment and debt-elimination program. The
program offered these various services as alternatives to filing for
relief under Title 11 of the United States Code.  The purported
contract for debt relief services was the first such document
Plaintiff received from Defendant.

13.  The proposed debt adjustment plan directed Plaintiff to deposit the
sum of $341.16 every month into his depository bank account to be
established by the Defendant. The contract indicated that Defendant
would, on Plaintiff's behalf, negotiate reduced lump sum settlements
with Plaintiff's secured and unsecured creditors funded by the money
in Plaintiff's depository bank account.  The contract also
represented that in many cases the Defendant would be able to simply
eliminate some of the debt.

14. Defendant's fee was also to be paid in monthly installments from the money in Plaintiff's depository bank account.  The Plaintiff alleges that none of the written or verbal information provided by the Defendant indicated or even implied that the full fee to be charged by Defendant would have to be paid prior to any debt negotiation or elimination efforts by Defendant.

15. On or about May 6, 2010, Plaintiff enrolled in Defendant's debt adjustment and debt-elimination programs by signing the contract and returning it by mail to Defendant.

16. Plaintiff made monthly payments of $341.16 to Defendant for the months of June, July, August, and September 2010.  These payments totaled $1,364.64.

17. Plaintiff also signed the pre-printed automatic check withdrawal authorization form included in Defendant's package and returned it to Defendant along with the signed contract. That form authorized the Defendant to electronically withdraw funds from Plaintiff's depository bank account every month to pay Defendant's the $550.00 installment.

18. American General Finance was one of the creditors included in the debt adjustment and debt-elimination plans with whom Defendant was to negotiate on Plaintiff's behalf.

19. Instead, on or about August, 2010, AGF filed a civil action against the Plaintiff in the Superior Court of Orange County, California, under file number seeking full payment of its claim in excess of around $4,800.00

20. When Plaintiff was served with AMF's collection complaint, Plaintiff forwarded a copy of the complaint to Defendant.

21. Defendant responded via email telling Plaintiff to file a motion to compel arbitration.  While appearing to give Plaintiff legal advice, the disclaimer at the bottom of the email stated or something to this effect we "cannot give you legal advice".

22. Defendant took no action in attempting to either settle or negotiate on Plaintiff's behalf.

23.  Plaintiff believes that Defendant in fact did not contact any of Plaintiff's creditors nor did it attempt any negotiations.

24.   In addition to the complaint filed by AGF, several of Plaintiff's

other creditors began calling him at home and at work because he had

ceased making payments as directed by Defendant

25.   Plaintiff was also left with no choice but to file a chapter 13

bankruptcy case since Defendant's debt adjustment and debt-

elimination program did not result in the promised debt reductions

and settlements but instead resulted only in one collection action,

harassing creditor collection calls and threats of additional legal

action including the foreclosure of the mortgages on the Plaintiff's

home.

26.   Shortly before filing ,Plaintiff terminated Defendant's services and

received a refund of $306.64.  After deducting for the refund,

Defendant charged Plaintiff $1058.00 for its services.

27.   Plaintiff, whose debts are primarily consumer debts with non-exempt

property valued at less than $150,000, is therefore an "assisted

person" as that term is defined in 11 U.S.C. section 101(3).  At all

times relevant to the allegations herein, Plaintiff was such an

"assisted person."

28.   Defendant's written communications, website information, literature,

directions and debt adjustment and so-called debt-elimination

programs constituted goods or services sold or otherwise provided to

Plaintiff with the actual or implied purpose of providing

information, advice or counsel with respect to a case or proceeding under title 11 of the United States Code and, therefore, constituted "bankruptcy advice" as that term is defined in 11 U.S.C. section 101(4A).

29. Defendant identified itself as a "debt relief" or a "debt elimination agency" in at least three (3) separate statements contained on the initial mail solicitation received by Plaintiff. Further, Defendant is, in fact, a "debt relief agency" as that term is defined in 11 U.S.C. Section 101(12A) in that Defendant provided bankruptcy advice to Plaintiff, an assisted person.

30. Defendant directly, indirectly, affirmatively and/or by material omission misrepresented to Plaintiff the services Defendant would provide to Plaintiff in violation of 11 U.S.C. section 526(a)(3)(A).

31. Defendant directly, indirectly, affirmatively and/or by material omission misrepresented to Plaintiff the benefits and risks that may result if Plaintiff became a debtor in a case under title 11 of the United States Code in violation of 11 U.S.C. section 526(a)(3)(B).

32. Defendant intentionally or negligently disregarded the material requirements of title 11 of the United States Code applicable to Defendant as a debt relief agency in violation of 11 U.S.C. section 526(c)(2)(C).

33.   Defendant failed to provide Plaintiff with the written notice required under 11 U.S.C. section 342(b)(1) in violation of 11 U.S.C. section 527(a)(1).

34.   Defendant failed to provide Plaintiff, within three (3) business days after the first date Defendant first offered to provide bankruptcy assistance services to Plaintiff, the additional clear and conspicuous written notices required by, and in violation of, 11 U.S.C. sections 527(a)(2)(A) through (D).

35.   Defendant failed to provide Plaintiff the clear and conspicuous separate written notice required by, and in violation of, 11 U.S.C. section 527(b).

36.   Defendant failed to provide Plaintiff the clear and conspicuous separate written notice required by, and in violation of, 11 U.S.C. section 527(c).

37.   Defendant failed to provide Plaintiff with a complete and fully executed copy of the contract as required by, and in violation of, 11 U.S.C. section 528(a)(2).

     **WHEREFORE,** Plaintiff respectfully requests the Court to enter a judgment as follows:

1.   That the contract for services between the Plaintiff and Defendant

be declared and adjudged void, pursuant to 11 U.S.C. section 526(c)(1), for failure to comply with the material requirements of sections 526, 527 and/or 528 of the United States Bankruptcy Code and that no provision of such contract may be enforced by the Defendant against the Plaintiff;

2.   That Defendant be found liable to Plaintiff, pursuant to 11 U.S.C. section 526(c)(2), in the amount of $1,058.00 as the amount received by Defendant from Plaintiff in connection with providing bankruptcy assistance.

3.   That Plaintiff be awarded any additional actual damages as permitted by 11 U.S.C. section 526(c)(2) in sum not less than $5,000.00;

4.   That Defendant be ordered to pay Plaintiff's counsel fees and legal expenses as required by 11 U.S.C. section 526(c)(2), with said fee to be computed at the rate of $375.00 per hour for his attorney and $125.00 per hour for his legal assistants;

5.   That Defendant, having intentionally violated the provisions of 11 U.S.C. section 526, be ordered and enjoined from further violation of such section as permitted by section 11 U.S.C. section 526(c)(5)(A);

6.    That an appropriate civil penalty as permitted by 11 U.S.C. section
      526(c)(5)(B) be assessed and imposed against Defendant for having
      engaged in a clear and consistent pattern or practice of violating
      11 U.S.C. section 526, said penalty to be in a sum equal to three
      times the amount of the funds collected by the Defendant plus the
      amount  of the actual damages as determined by this Court;

7.    That Plaintiff be awarded and recover from Defendant all costs and
      expenses connected with this action;

8.    That Plaintiff recover interest on the judgment at the rate
      permitted by law;

9.    Any other such relief as the Court determines just and proper.

**Dated: 1-11-2011**

Law Offices of Matthew E. Faler


  /s/ Matthew E. Faler

Matthew E. Faler, Esq.
Attorney for Plaintiffs

- 11 -
Complaint